UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NEWARK DIVISION

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, a Canadian Not for Profit Corporation<br><br>       Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>       Defendant. | Honorable Peter G. Sheridan, U.S.D.J.<br><br>Civil Action No. 10 CV 01132 (PGS)(ES) |

**PROTECTIVE ORDER GOVERNING EXCHANGE OF**
**<u>INFORMATION DEEMED CONFIDENTIAL BY THE PARTIES</u>**

This Protective Order is issued to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

In support of this order, the Court finds that:

1. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information") that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

2. The parties to this litigation may assert that public dissemination and disclosure of Confidential Information could severely injure or damage the party disclosing or producing the

Confidential Information and could place that party at a competitive disadvantage; and

3. To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. "Confidential Information" means any type of information which is designated as confidential by the producing party, whether it be a document, information contained in a document, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2. Only "Qualified Persons" are authorized to view Confidential Information in this case. Qualified Persons are defined as:

(a) Attorneys, including in-house counsel, of record in this litigation and secretaries, paralegals, law clerks and support staff employees to whom it is necessary that the information be disclosed for purposes of this litigation;

(b) Outside experts or outside consultants retained in this action, provided that: (1) such consultants or experts are not presently employed by a party hereto; (2) before access is given, the expert or consultant has completed the Undertaking attached as Exhibit A hereto and the same is served upon the parties more than ten (10) business days before access to the Confidential Information is to be given to that expert or consultant; (3) before access is given, the party who has retained the expert shall provide to all other parties a copy of the expert's resume or CV and a list of previous engagements as a consulting expert; and (4) the parties have ten (10) business days after receipt of the expert's resume and/or CV, and list of previous engagements and Undertaking to object to and notify the disclosing

party in writing that they object to disclosure of Confidential Information to such expert or consultant. The parties agree to promptly confer and use good faith to resolve any such dispute. If the parties cannot resolve the dispute, the party seeking to prevent disclosure of the Confidential Information may apply for relief from the Court pursuant to the Local Rules concerning discovery disputes, and bears the burden of establishing why such disclosure should not occur. If a motion is so filed, no disclosure shall be made to the expert or consultant unless and until the Court so orders.

(c)     Up to four (4) officers, directors, or employees of a party who either have responsibility for making decisions dealing directly with this litigation or who are assisting outside or in-house counsel in preparation for proceedings in this litigation.

(d)     Translators, stenographic, videographic, and clerical employees associated with the individuals enumerated in 2(a)-(c) above, but only as part of a disclosure to said individuals in accordance with this Order;

(e)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained to assist outside counsel with preparation of presentation at trial or other court proceedings in this action; and

(f)     Any other person who is designated as a Qualified Person by Order of this Court, after notice to all parties, or who, by written agreement of the parties, is designated as a Qualified Person. Any person designated under this subparagraph

must complete and sign a Confidentiality Agreement in the form of Exhibit A, attached hereto. A copy of that Agreement must be given to the other party before access is allowed to the Confidential Information.

3. Documents and things produced which contain "Confidential Information" shall be designated as such by marking the document or thing at or before the time of production substantially as follows:

"CONFIDENTIAL - PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged, before or after an inspection of the originals by the other party.

4. Any information designated as Confidential Information shall not be (1) shown, disseminated, copied or in any way made available, directly or indirectly or through paraphrasing, by the party receiving it to any persons or entities other than Qualified Persons, or (2) used by the other party or any receiving party for any other purpose other than directly in connection with this litigation.

5. The use of information which has been designated as "Confidential Information" pursuant to the terms of this Protective Order may be further restricted by the additional designation of such information as "Attorneys' Eyes Only." Access to Confidential Information designated for "Attorneys' Eyes Only" shall be limited to Qualified Persons as defined in Paragraph 2(a) and the independent experts to whom it is necessary that the information be disclosed for purposes of this litigation. Such designation shall be made by marking the document at or before the time of production substantially as follows:

"HIGHLY CONFIDENTIAL - FOR ATTORNEYS' EYES
ONLY PURSUANT TO PROTECTIVE ORDER"

In lieu of marking the original of documents, the party may mark the copies that

are produced or exchanged, before or after an inspection of the originals by the other party.

6. Information designated "Confidential Information" or "Attorneys' Eyes Only" shall be collectively referred to herein as "Protected Information."

7. If either party requests that source code be produced, the parties agree to attempt in good faith to negotiate appropriate protections for such source code, and if they are unsuccessful in doing so, the parties shall promptly submit the issue to the Court for resolution.

8. Information disclosed at the deposition of a party or one of its present or former officers, directors, employees, agents, or independent experts retained by a party for purposes of this litigation may be designated as Confidential Information or Attorneys' Eyes Only by (1) indicating on the record at the deposition that the particular testimony is designated as Confidential Information or Attorneys' Eyes Only, subject to the provisions of this Protective Order; or (2) by indicating in writing within ten (10) days of receipt of the transcript by producing party's counsel that the particular testimony is Confidential Information or Attorneys' Eyes Only, subject to the provisions of this Protective Order. Until such deposition testimony is so designated, or until the ten (10) day period lapses, the material shall be treated as Attorney's Eyes Only.

9. Notwithstanding any other provision of this Protective Order, a party may, in a deposition, show a witness any Protected Information that the witness is reasonably believed to have previously authored, received or seen. Notwithstanding any other provision in this Protective Order, a party may, in a deposition, show any director, officer, employee, consultant or agent of the other party any document or thing produced by that other party.

10. Use of Protected Information at trial shall be governed by further agreement of the parties prior to trial or further Order of this Court.

11. Nothing shall prevent disclosure beyond the terms of this Order if the party designating Protected Information consents, in writing, to such disclosure or withdraws the confidentiality designation, or if the Court, after notice to all parties, orders such disclosure.

12. If the receiving party is notified, in writing, of the reclassification of information, document, etc., to be Protected Information, even if such information has been previously disclosed to persons other than Qualified Persons or counsel of record by the time of reclassification, such information so designated by the producing party shall be considered as having been designated initially as being Protected Information, except to the extent that such information had been previously disclosed to persons other than Qualified Persons or counsel of record, and the party disclosing such previously undesignated Protected Information shall make its best efforts to retrieve all such disseminated Protected Information, and notify the persons to whom such Protected Information was disseminated that the Protected Information is subject to the Protective Order. The receiving party may not argue waiver of the confidential designation merely by virtue of such later designation even if non-confidential disclosure has occurred in the interim.

13. A party shall not be obligated to challenge the propriety of a Protected Information designation at the time made, and a failure to do so shall not preclude a subsequent challenge to such a designation. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of any information as Confidential Information or Attorneys' Eyes Only, that party shall notify the party asserting confidentiality in writing as to specific objections, along with the bases (both factual and legal) for the objection. The parties shall then confer in a good faith effort to resolve any differences and shall, if necessary, agree to the implementation of procedures to orderly advance and promote discovery while maintaining

each parties' proprietary interest. If the dispute cannot be resolved, or if an emergency develops, the objecting party may seek appropriate relief from this Court, and the party asserting confidentiality shall have the burden of establishing the same.

14. All discovery and other material filed with the Court including, *inter alia*, transcripts of depositions, exhibits, briefs and memoranda, which comprise or contain Protected Information shall be filed pursuant to Local Civil Rule 5.3.

15. Within sixty (60) days after the conclusion of this litigation (including all appeals), originals or reproductions of any documents or things produced by a party containing Protected Information shall be returned to the producing party or destroyed. Principal counsel may retain one archival copy of pleadings, correspondence, work product, discovery responses, expert reports and Court exhibits containing Protected Information provided, however, that any Protected Information contained in such documents retained by principal counsel shall remain subject to the protections of this Order. The designation of any material in accordance with this Order as constituting or containing Protected Information is intended solely to facilitate the preparation and trial of this action, and treatment of such material by counsel of record for named parties in conformity with such designation will not be construed in any way as an admission or agreement by any receiving party that the designated material constitutes or contains any confidential or proprietary information.

16. This Order shall be without prejudice to the right of any person to object to the production of any discovery material on the basis that such material is protected as a privileged communication or work product.

17. This Order shall be without prejudice to the right of any person to apply to the Court for such further protective orders as justice may require.

18. A non-party producing information pursuant to a subpoena or a Court order in this case may designate such material or information "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – FOR ATTORNEYS' EYES ONLY," in the same manner and shall receive the same level of protection under this Order as any Party to this lawsuit.

19. Nothing in this Order shall bar or otherwise restrict any counsel for a party from rendering advice to his client with respect to this litigation and, in the course thereof, relying upon his or her examination of materials designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," provided that no disclosure of the substance of any such material shall be made except as (i) permitted herein; or (ii) if such statement is a general conclusory statement indicating the nature and strength of the proofs that the other party (or any third party) has offered.

20. Nothing in this Protective Order shall preclude a party from disclosing or using, in any manner or for any purpose, any information that either was lawfully in its possession prior to being designated Protected Information in this litigation or was obtained from a third party having the right to disclose such information.

21. Pursuant to Rule 502 of the Federal Rules of Evidence, the disclosure of confidential communications or information shall not constitute a waiver of any privilege or other protection (including work product) if the producing party took reasonable steps to prevent disclosure and also took reasonable steps to rectify the error in the event of an inadvertent disclosure. The producing party will be deemed to have taken reasonable steps to prevent communications or information from inadvertent disclosure if that party utilized either attorney screening, keyword search term screening, advanced analytical software applications and/or linguistic tools in screening for privilege, work product or other protection. In the event of the

inadvertent disclosure of confidential materials, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within fifteen (15) business days from the date that the inadvertent disclosure has been realized, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly return all copies of the inadvertently produced communications or information (including any and all work product containing such communications or information). Upon receiving such a request from the producing party, the receiving party shall promptly return all copies of such inadvertently produced communications or information, and shall make no further use of such communications or information (or work product containing such communications or information). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege, work product, or other designation of protection.

22. A testifying expert's draft reports, notes, outlines, and any other writings leading up to his final report(s) in this case are exempt from discovery. In addition, all communications between counsel and a testifying expert, and all materials generated by a testifying expert with respect to his work on this case, are exempt from discovery unless relied upon by the expert in forming his opinions. The expert must produce his final report and all materials upon which he relied.

23. The party or parties receiving Protected Information shall not under any circumstances sell, offer for sale, advertise, or publicize such Protected Information.

24. After termination of this litigation, the provisions of this Order shall continue to be binding, except (a) with respect to those documents and information that become a matter of public record; and (b) that a party may seek the written permission of the producing party or further order of the Court with respect to the dissolution or modification of this Protective Order.

This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

25. Any attorney or expert for or representing the parties, whether in-house or outside counsel, who reviews and/or learns, in whole or in part, Protected Information under this Order shall not prepare, prosecute, or actively and substantively supervise/assist (i.e., review, amend or draft applications, claims or substantive filings distinguishing over prior art) in the preparation or prosecution of any patent application pertaining to the disclosed Protected Information or the subject matter of (i) the patents-in-suit, (ii) patents related to any other action brought by TR Labs or any of its affiliates against Verizon or any of its affiliates, or (iii) any applications or patents claiming priority, in whole or in part, to any of the foregoing for two (2) years after the conclusion of this litigation, including any appeals. To ensure compliance with the purpose of this provision, the parties shall create an ethical wall between those persons with access to Protected Information and those individuals who prepare, prosecute, or assist in the preparation or prosecution of any patent application pertaining to the subject matter of (i) the patents-in-suit, (ii) patents related to any other action brought by TR Labs or any of its affiliates against Verizon or any of its affiliates, or (iii) any applications or patents claiming priority, in whole or in part, to any of the foregoing.

26. In the event that any party or any other individual described herein is served with a subpoena or other judicial process demanding the production or disclosure of any Protected Information, such party or individual shall (a) provide lead counsel for all parties with a copy of such subpoena or other judicial process within five (5) days following receipt thereof, and (b) use all reasonable efforts to ensure treatment of the Protected Information at issue consistent with

this Protective Order.

27. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

28. This Protective Order shall not be deemed a waiver of: a) any party's right to object to any discovery request on any ground; b) any party's right to seek an order compelling discovery with respect to any discovery request; c) any party's right in any proceeding in this lawsuit to object to the admission of any evidence on any ground; or d) any party's right to use and disclose its own documents and its own Protected Information in its sole and complete discretion.

29. This Order has been entered to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

**SO ORDERED.**

Dated: December 13, 2010    _____

**Approved as to form and substance:**

| By: s/ Kristine L. Butler<br>Kristine L. Butler<br>VOLPE AND KOENIG, P.C.<br>United Plaza<br>30 South 17th Street<br>Philadelphia, PA 19103-4009<br>T: (215) 568-6400<br>F: (215) 568-6499<br>kbutler@volpe-koenig.com<br><br>George C. Summerfield<br>STADHEIM & GREAR<br>400 North Michigan Avenu<br>Suite 2200<br>Chicago, Illinois 60611<br>T: (312) 755-4400<br>T: (312) 755-4408<br>Summerfield@StadheimGrear.com<br><br>*Attorneys for Plaintiffs*<br>*Alberta Telecommunications Research Centre*<br>*d/b/a TR Labs* | By: s/ James S. Richter<br>James S. Richter<br>WINSTON & STRAWN LLP<br>One Riverfront Plaza, Suite 730<br>Newark, NJ 07102-5401<br>T: (973) 848-7676<br>F: (973) 848-7650<br>jrichter@winston.com<br><br>Charles B. Molster, III<br>WINSTON & STRAWN LLP<br>1700 K Street, NW<br>Washington, DC 20006<br>(202) 282-5988<br>cmolster@winston.com<br><br>Dan K. Webb<br>Peter C. McCabe III<br>Monika M. Blacha<br>WINSTON & STRAWN LLP<br>35 West Wacker Drive<br>Chicago, Illinois 60601<br>(312) 558-5600<br>dwebb@winston.com<br>pmccabe@winston.com<br>mblacha@winston.com<br><br>*Attorneys for Defendant,*<br>*Verizon Communications Inc.* |
|---|---|

Dated: December 10, 2010

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALBERTA TELECOMMUNICATIONS RESEARCH CENTRE d/b/a TR LABS, a Canadian Not for Profit Corporation<br><br>      Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS, INC.,<br><br>      Defendant. | Honorable Peter G. Sheridan, U.S.D.J.<br><br>Civil Action No. 10 CV 01132 (PGS)(ES) |

**UNDERTAKING**

  I, _____, declare that:

  1. My address is _____.

  2. My present employer is _____, and the address of my present employer is _____.

  3. My present occupation or job description is _____.

  4.  In addition to my other job functions, I am working as a consultant to _____.

  5. My relationship to plaintiff/defendant is _____.

  6.  I have received a copy of the Protective Order in this action.

  7.  I have carefully read and understand the provisions of the Protective Order and agree to be bound by it.

  8.  I will return all confidential documents and things which come into my

possession or which I have prepared to counsel for the party by whom I am retained. I agree to be bound by the terms of the Order and hereby subject myself to the jurisdiction of the Court for all purposes related to the Order.

      9.     I declare, under penalty of perjury, that the foregoing is true and correct.

Executed on: _____       _____
                                                                 (signature)